## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jan 24 2018, 7:21 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Matthew R. Frazier,
*Appellant-Defendant,*

*v.*

State of Indiana,
*Appellee-Plaintiff.*

January 24, 2018

Court of Appeals Case No.
70A04-1710-CR-2380

Appeal from the Rush Superior Court

The Hon. Brian D. Hill, Judge

Trial Court Cause No.
70D01-1604-F4-302

**Bradford, Judge.**

# Case Summary

In early 2016, Appellant-Defendant Matthew Frazier sold methamphetamine to a confidential informant and ultimately pled guilty to Level 4 felony dealing in methamphetamine. The trial court sentenced Frazier to an advisory term of six years of incarceration, with two suspended to probation. Frazier contends that his sentence is inappropriately harsh. Because we disagree, we affirm.

# Facts and Procedural History

On January 9, 2016, Frazier sold 1.3 grams of methamphetamine to a confidential informant for $130.00 in Rush County. On April 28, 2016, the State charged Frazier with Level 4 felony dealing in methamphetamine, Level 6 felony methamphetamine possession, and Level 6 felony dealing in a controlled substance. On September 11, 2017, Frazier pled guilty to Level 4 felony dealing in methamphetamine, and the trial court sentenced him to six years of incarceration, with two suspended to probation.

# Discussion and Decision

Frazier contends that his sentence is inappropriately harsh. We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making

sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). The trial court sentenced Frazier to six years of incarceration for Level 4 felony dealing in methamphetamine, with two suspended to probation. Six years is the advisory sentence for a Level 4 felony. *See* Ind. Code § 35-50-2-5.5.

[4] The nature of the offense is that Frazier sold 1.3 grams of methamphetamine to a confidential informant. While this offense does not seem to be particularly heinous in terms of drug deals, Frazier's six-year, advisory sentence already reflects that, even before one considers the two years suspended to probation. While the nature of Frazier's offense might not support the imposition of an enhanced sentence, it does not follow that it must support a reduced sentence.

[5] As for Frazier's character, his lengthy criminal history does not speak well of him. Frazier, who was thirty-two years old at the time of sentencing, has had eight prior misdemeanor convictions, including public intoxication, two

convictions for possession of marijuana, possession of paraphernalia, and possession of methamphetamine. Frazier also has five prior felony convictions, including theft, maintaining a common nuisance, and neglect of a dependent. The offense to which Frazier pled guilty is similar to most of the offenses for which he has already been convicted, albeit more serious: Frazier has progressed from mere possession of illegal drugs to dealing them. Despite Frazier's many criminal convictions, he has not chosen to reform himself, and in fact, the severity of his crimes seems to be increasing. Frazier has failed to establish that his six-year, advisory sentence (with two years suspended to probation) is inappropriate in light of the nature of his offense and his character.

[6] We affirm the judgment of the trial court.

Robb, J., and Crone, J., concur.